IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-107

Filed: 3 November 2020

Office of Administrative Hearings, No. 19 OSP 03471

KAVITHA N. KRISHNAN OTD, Petitioner,

v.

NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

Appeal by petitioner from order entered 12 December 2019 by Administrative Law Judge J. Randolph Ward in the Office of Administrative Hearings. Heard in the Court of Appeals 25 August 2020.

> *Dysart Willis Houchin & Hubbard, by Meredith Woods Hubbard, for petitioner-appellant.*

> *Attorney General Joshua H. Stein, by Assistant Attorney General William Walton, for respondent-appellee.*

DIETZ, Judge.

In this state employee grievance proceeding, the administrative law judge, on the judge's own initiative without notice to the parties, dismissed the case on the ground that it was not timely initiated. The ALJ reasoned that, under the general timing rules for contested cases in N.C. Gen. Stat. § 150B-23(f), the time to commence the case began to run when the agency placed its final decision in the mail.

Both parties argue on appeal that the ALJ's ruling is erroneous. We agree. This

contested case is governed by a more specific provision in the North Carolina Human Resources Act, N.C. Gen. Stat. § 126-34.02, which states that the time to commence a contested case runs from the employee's "receipt of" the final agency decision. Applying the ordinary meaning of the word "receipt," the time to commence this contested case began to run when the decision was delivered, not when the agency placed it in the mail. We therefore reverse the ALJ's order and remand this case for further proceedings.

**Facts and Procedural History**

Kavitha Krishnan worked at a development center operated by the North Carolina Department of Health and Human Services. In 2019, Krishnan's employer placed her on leave while it pursued an investigation for "unacceptable personal conduct and/or unsatisfactory job performance resulting from an allegation of violation of informed consent regulations." Krishnan resigned while this investigation was ongoing. The day after she resigned, Krishnan submitted a *pro se* employment complaint alleging unlawful retaliation and workplace harassment.

On 17 May 2019, Krishnan received a letter from DHHS sent by certified United States mail. The letter stated that Krishnan's grievance had been dismissed and the matter administratively closed. The letter also provided information about further review through a contested case proceeding.

On 17 June 2019, Krishnan filed a petition for a contested case hearing. The

administrative law judge assigned to the case later entered an order dismissing the case on the ground that the petition commencing the proceeding was untimely. The ALJ raised this issue on the judge's own initiative without providing the parties with an opportunity to address the timeliness of the petition. Krishnan appealed the ALJ's order to this Court.

## Analysis

Krishnan argues that the ALJ erroneously dismissed this contested case on the ground that the petition was not timely filed. The Department of Health and Human Services concedes that the ALJ erred. We agree.

In the order of dismissal, the ALJ determined that "[i]n the course of considering the merits of the parties' arguments . . . it has become apparent that the Petitioner failed to timely file her Petition for a contested case hearing in this matter." The ALJ noted that "Petitioner was given notice of the Respondent's final agency decision and of her right to appeal to the Office of Administrative Hearings by certified letter dated May 14, 2019" which was "placed in an official depository of the United States Postal Service" the following day. The ALJ also noted that Krishnan's petition "was filed on June 17, 2019." The ALJ then determined that, because the petition "must be filed within 30 days of receipt of the final agency decision" under the applicable statute, the petition was untimely.

That determination is erroneous. It appears that the ALJ relied on a provision

in N.C. Gen. Stat. § 150B-23 stating that the time to file a petition for a contested case "shall commence when notice is given . . . by the placing of the notice in an official depository of the United States Postal Service wrapped in a wrapper addressed to the person at the latest address given by the person to the agency." N.C. Gen. Stat. § 150B-23(f). Relying on this provision, the ALJ appears to have concluded that notice was given when the agency placed the decision in the mail on 15 May 2019 and thus the 30-day deadline to file began to run at that time.

The flaw in this reasoning is that N.C. Gen. Stat. § 150B-23(f) is a general statute that establishes default rules for contested case proceedings under the Administrative Procedure Act. This case is subject to those general statutes, but also to a more specific statute in the North Carolina Human Resources Act stating that a "contested case must be filed within 30 days of receipt of the final agency decision." N.C. Gen. Stat. § 126-34.02(a).

The words "notice" and "receipt" in these statutes mean different things. "When examining the plain language of a statute, undefined words in a statute must be given their common and ordinary meaning." *State v. Rieger*, __ N.C. App. __, __, 833 S.E.2d 699, 701 (2019). Here, however, the word "notice" has a special statutory definition. In ordinary usage, one would not have notice of something unless one actually knows about it. But under Section 150B-23(f), a petitioner is *deemed* to have notice of a final agency decision as soon as the agency places the decision in the mail,

even if it takes several days for the petitioner to receive it. N.C. Gen. Stat. § 150B-23(f).

By contrast, the word "receipt" in Section 126-34.02 is undefined and thus is given its ordinary meaning. The word "receipt" means the "act of receiving something given or handed to one; the fact of being received." *Receipt, Oxford English Dictionary* (2nd ed. 1989). So, in ordinary English usage, one is not in "receipt" of a letter when it is mailed; receipt occurs when the letter is delivered.

As a result of the differing meanings of the words "notice" and "receipt," there is a conflict between the time deadlines created by these two statutes. The more general statute, N.C. Gen. Stat. § 150B-23(f), which applies to all contested case proceedings, starts the time to commence a contested case on 15 May 2019, when the agency placed its final decision in the mail. But the more specific statute, N.C. Gen. Stat. § 126-34.02(a), which governs the time deadlines in cases involving employee grievance and disciplinary actions, starts the time on 17 May 2019, when that decision was delivered by certified mail.

"Where one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability." *Trustees of Rowan Tech. Coll. v. J. Hyatt Hammond Assocs., Inc.*, 313 N.C. 230, 238, 328 S.E.2d 274, 279 (1985). Applying that principle here, the statute dealing directly and specifically with employee grievances controls

over the broader statute addressing all forms of administrative proceedings. We therefore agree with the parties that the time deadline in this case did not begin to run when DHHS placed its final agency decision in the mail. Instead, it began to run upon Krishnan's "receipt of" the decision—that is, when that certified mailing was delivered to Krishnan. Accordingly, Krishnan's petition was timely and the ALJ erred by dismissing the contested case on the ground that the petition was untimely.

## Conclusion

We reverse the administrative law judge's order and remand for further proceedings.

REVERSED AND REMANDED.

Judges STROUD and ZACHARY concur.